*Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 CR 847 - 1 | DATE | APRIL 26, 2000 |
| CASE TITLE | UNITED STATES OF AMERICA v. SANTA CHIAPPETTA, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant's objections to the government's other acts evidence is granted in part and denied in part. Certificates of nonfiling of tax returns will not be admitted into evidence.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 2 7 200 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials WJS | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
                          )
          Plaintiff,      )
                          )
     v.                   )     No. 99 CR 847-1
                          )
SANTA CHIAPPETTA,         )
a/k/a Cindy Chiappetta,   )
a/k/a Santa Chiapetta,    )
                          )
          Defendant.      )

**DOCKETED APR 27 2000**

**MEMORANDUM OPINION AND ORDER**

Defendant Santa Chiappetta is charged with 13 counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. She is also charged with two counts of money laundering in violation of 18 U.S.C. § 1957. It is alleged in the indictment that, between 1993 and 1998, defendant fraudulently represented to investors that she was manufacturing and marketing various items, including handbags, sunglasses, sports bags, and items bearing the logo of the television show "Baywatch." The government contends that she never actually engaged in any such business and instead used the money she obtained for personal expenditures. The indictment refers to nine persons, identified

32

s Persons A through I, from whom defendant allegedly obtained approximately $1.3 million in investment proceeds.

The government has filed a notice of its intent to admit other act evidence under Fed. R. Evid. 404(b) and evidence inextricably intertwined with evidence of the charged crime. Defendant objects to admission of most of this evidence.

The parties agree that a four-part test applies to admissibility under Rule 404(b). Admission of such evidence is appropriate if:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury's finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

United States v. Bursey, 85 F.3d 293, 296 (7th Cir. 1996) (quoting United States v. Tylkowski, 9 F.3d 1255, 1261 (7th Cir. 1993)). "In United States v. Lloyd, 71 F.3d 1256, 1264-65 (7th Cir. 1995), we held that the test 'need not be unduly rigid' and the prior and instant acts need only be 'sufficiently alike to support an inference of criminal intent.' The two acts must share common characteristics relevant to the purpose for which they are introduced. See United States v. Long, 86 F.3d 81, 84 (7th Cir. 1996) (citing United States v. Torres, 977 F.2d 321,

326 (7th Cir. 1992)). Thus, the term 'similarity' has been loosely interpreted and loosely applied." <u>United States v. Montani</u>, 204 F.3d 761, 768 (7th Cir. 2000).

Independent of being admissible under Rule 404(b), evidence of uncharged acts is admissible if it is "intricately related" to the charges in the indictment. <u>United States v. Gibson</u>, 170 F.3d 673, 680 (7th Cir. 1999) (quoting <u>United States v. Spaeni</u>, 60 F.3d 313, 316 (7th Cir.), <u>cert. denied</u>, 516 U.S. 997 (1995)). It is admissible if it is inextricably intertwined with the charged offense or completes the story of the charged offense. <u>Id.</u> (quoting <u>United States v. King</u>, 126 F.3d 987, 995 (7th Cir. 1997)).

> Under the "intricately related" doctrine, the admissibility of uncharged criminal activity turns on:
> whether the evidence is properly admitted to provide the jury with a "complete story" of the crime [on] trial, . . . whether its absence would create a "chronological or conceptual void" in the story of the crime, . . . or whether it is "so blended or connected" that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of the charged crime.

<u>Id.</u> at 681 (quoting <u>United States v. Ramirez</u>, 45 F.3d 1096, 1102 (7th Cir. 1995)). Any evidence found to be relevant and admissible under this rule must also satisfy the balancing test of Fed. R. Evid. 403. <u>Gibson</u>, 170 F.3d at 680.

The government seeks to admit seven categories of evidence: (1) Sharon Hughes's testimony concerning a purported investment of her money in a film entitled "Black Irish;" (2) Dominic Stramaglia's testimony concerning a 1992 loan to defendant purportedly to finance a purchase order of handbags with the loan being repaid in November 1993; (3) Nick Gouletas's testimony concerning $100,000 that defendant purportedly invested in her business venture, but, according to the government, instead used for other purposes; (4) Ken Wettour's testimony concerning a 1996 loan of $10,000 that defendant claimed would be used in her business, but which the government alleges was used for other purposes and not repaid; (5) John Wolf's testimony concerning $61,000 in loans made in 1994 and 1995 which plaintiff represented would be used to purchase inventory,[1] of which plaintiff repaid $46,000; (6) John Gentile's testimony concerning $60,000 he paid to defendant to market goods sold by Gentile; and (7) tax returns of defendant and corporations she controlled, including evidence that no returns were filed for certain years. Defendant objects to admission of all this evidence except Gentile's testimony.

The government represents that evidence will show that the Black Irish investment by Hughes was used by defendant to pay

---

[1] Although not expressly stated in the government's brief, it is clearly implied that there is evidence that the loan was not actually used to purchase inventory.

a judgment owed on a transaction with Person D that is charged in the indictment. Similarly, the testimony of Stramaglia and Wolf will represent the other side of such transactions. The government represents that evidence will show that the repayments to Stramaglia and Wolf coincide with payments from, respectively, Person G and Person A that are charged in the indictment. Thus, the testimony of Hughes, Stramaglia, and Wolf completes the story alleged in the indictment and aids in explaining defendant's actions. This testimony is admissible as inextricably intertwined with charges in the indictment.

Additionally, the testimony of Hughes, Stramaglia, and Wolf, as well as the testimony of Gouletas and Wettour, would be admissible under Rule 404(b). All the testimony concerns events that occurred during the same time period as the scheme alleged in the indictment and all involve a mode of operation similar to the fraud charged in the indictment. An intent to defraud can be inferred from such evidence. Additionally, there is no indication of undue prejudice from admission of this evidence. Subject to being adequately proven at trial, the testimony as represented will be admitted at trial.

As to the tax returns, the government does not contend that the returns are fraudulent. Instead, the government desires to present the tax returns as admissions by defendant that she and her companies' financial conditions were as stated in the

returns. The government also contends that the tax returns will show that the companies were not engaged in substantial retailing and did not have the extent of inventory defendant allegedly represented to the victims of the charged fraud. The returns would also be evidence that defendant was aware of the financial information contained therein since she signed the returns. Additionally, the government desires to present certificates of nonfiling. It is unclear what the certificates are intended to prove. Defendant does not dispute that the financial information is relevant, but objects that presenting the tax returns could leave the impression that defendant is also accused of engaging in tax fraud. Defendant contends that testimony of her accountant would be sufficient proof without also admitting the tax returns into evidence.

Since the government's position will be that the tax returns are accurate representations of defendant's and her companies' financial conditions, admission of the returns would not imply that she was also engaging in tax fraud. There does not appear to be undue prejudice that would require that the returns be excluded from evidence. However, to the extent that the parties can enter into stipulations as to accurate financial statements and/or the pertinent contents of the returns and defendant's awareness of them, the tax returns could be excluded as cumulative. The government shall meet with defendant's

counsel to discuss whether stipulations can be reached as to any of this evidence.

The certificates of nonfiling are a different matter. No return having been filed, there is no representation as to the financial condition of the company. Also, not filing implies that defendant has violated the tax laws. Since the government has not explained the relevance of these documents, the certificates of nonfiling will not be admitted unless, outside the presence of the jury, the government first makes a substantial showing of the relevance of the certificates.

IT IS THEREFORE ORDERED that defendant's objections to the government's other acts evidence is granted in part and denied in part. Certificates of nonfiling of tax returns will not be admitted into evidence.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: APRIL 26, 2000