# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 CR 847 - 1 | DATE | AUG. 23, 2000 |
| CASE TITLE | UNITED STATES OF AMERICA v. SANTA CHIAPPETTA, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for judgment of acquittal notwithstanding the verdict of the jury and in the alternative for a new trial and alternatively arrest the judgment [51-1,2,3] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | | Document Number |
| ☐ No notices required. | | 3 number of notices | |
| ☒ Notices mailed by judge's staff. | | AUG 2 5 2000 date docketed | |
| ☐ Notified counsel by telephone. | | | |
| ☐ Docketing to mail notices. | | docketing deputy initials | 71 |
| ☐ Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| ☐ Copy to judge/magistrate judge. | 00 AUG 24 PM 4: 23 | 8/23/2000 date mailed notice | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | MQM mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 CR 847 |
| ) | |
| SANTA CHIAPPETTA, ) | **DOCKETED** |
| a/k/a Cindy Chiapetta, ) | |
| a/k/a Santa Chiapetta, ) | AUG 25 2000 |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Following a jury trial, defendant Santa Chiappetta was found guilty of 13 counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 and two counts of money laundering in violation of 18 U.S.C. § 1957. It was shown that, between 1993 and 1998, defendant fraudulently represented to investors that she was manufacturing and marketing various items, including handbags, sunglasses, sports bags, and items bearing the logo of the television show "Baywatch." She also solicited money for investment in the production of a movie. The evidence showed that defendant did not actually use the money she obtained for the represented investment purposes, but instead used it for personal expenditures. The evidence of defendant's guilt was overwhelming.

After the verdict was returned, defendant's trial counsel timely filed a motion for judgment of acquittal or alternatively for a new trial. See Fed. R. Crim. P. 29(c), 33. This motion conclusorily asserted a number of grounds for relief. Defendant then retained new counsel who filed a supporting brief arguing three of the issues asserted in the motion. Only those three issues will be considered since the other contentions are unsupported by any legal argument. Defendant contends (1) she was denied the right to a fair trial when she was denied a continuance of the trial date; (2) trial counsel provided ineffective assistance of counsel by failing to adequately investigate and prepare her defense; and (3) Rule 404(b) evidence should have been excluded.

The indictment in this case was returned on November 9, 1999 and defendant was arraigned on November 24. At the time of the arraignment, the trial was set to begin on January 10, 2000. On December 22, 1999, the government moved for a determination of competency. The trial date was vacated and a psychiatric evaluation was ordered. Subsequently, a competency hearing was set for March 1, 2000. This date took into account the fact that defendant's trial counsel was recovering from surgery. On March 1, a short hearing was held and the psychiatrist's report was also considered. Defendant was found to be competent without objection. Trial was set for April 3. A superseding indictment

was returned on March 28. On March 29, defendant was arraigned and the trial was reset to May 1.

A status hearing was held on April 26 at which the court issued a written ruling as to the then-pending pretrial motions. At that time, defendant also moved to continue the trial on the ground that two days earlier she had learned that her mother was terminally ill. The court was informed that a doctor had estimated that defendant's mother had eight to twelve weeks to live, but that it was possible she would live up to six months. As grounds for postponing the trial, it was stated first that defendant wanted to spend time with her mother, second that she needed to care for her mother, and third that defendant was "having trouble" assisting her attorney because of a lack of concentration. The court was also informed that the mother was still hospitalized and would remain there for a period of time. The court was also advised that the mother had a husband and another child who could also assist in caring for her. Additionally, the government objected to a further continuance because the alleged victims that were to testify, including two doctors, had arranged their schedules to be available to testify and had previously done the same for the first two trial dates.

The court declined to revise the trial date other than to start it on Tuesday May 2 instead of May 1.[1] The court stated

---

[1]This change was made for reasons unrelated to defendant's requested continuance.

that the trial day could be shortened if necessary to accommodate defendant and that the trial would not be held on Friday. The trial was held on Tuesday, Wednesday, and Thursday, and the following Monday and Tuesday. Defendant did not make any further objections that she was unable to assist her attorney and no request was made to shorten any of the trial days. During the course of the trial, the court observed that defendant frequently conversed with the two attorneys representing her and it appeared that she was assisting them. On occasion, counsel would turn to his client to obtain assistance in answering queries from the court.

One of defendant's trial attorneys provides an affidavit in which he states that defendant would pass him notes and converse with him during the trial and that he did use some of her suggestions. But he also states that defendant "did not communicate with [him] effectively and she did not make a substantial contribution to her own defense." Counsel also states that defendant was unwilling to communicate "the nature of her defense," would not accept his advice to enter into a plea agreement, and insisted on his presenting certain witnesses in her defense regardless of the helpfulness of their testimony. Conspicuously absent from the attorney's affidavit and any other submission of defendant is any statement or evidence that defendant was significantly more helpful prior to learning of the terminal nature of her mother's condition. It is true, as

- 4 -

defendant contends, that much work is done shortly before the trial begins, but substantial preparation must also be done more than a week before the trial begins. It cannot be assumed that witnesses will be readily available on such short notice. Also, a previous trial date had been cancelled only five days before the trial was to begin. Moreover, the documents that needed to be examined had been provided to counsel months before the trial began. While defendant may have been less able to assist her attorney during the week before the trial began, to the extent she did not have any discussions with him regarding the documents or witnesses to be presented at trial, such a situation existed before it became known that defendant's mother had a terminal illness. There is no contention that counsel was unavailable to meet with her prior to a week before trial began or that he failed to conduct an investigation and consult with her during that time period.

In any event, the question is whether, based on the information the court had at the time the motion for continuance was denied, the court abused its discretion in denying a continuance. This requires a showing "that the denial of the continuance was arbitrary, and that actual prejudice resulted." United States v. Avery, 208 F.3d 597, 602 (7th Cir. 2000) (quoting United States v. Withers, 972 F.2d 837, 845 (7th Cir. 1992)). Factors relevant to the determination "include (1) the amount of time available for preparation, (2) the likelihood of

prejudice from denial, (3) the defendant's role in shortening the effective preparation time, (4) the degree of complexity of the case, (5) the availability of discovery from the prosecution, (6) the likelihood the continuance would satisfy the movant's needs, and (7) the inconvenience to the court." Id. (citing United States v. Schwensow, 151 F.3d 650, 656 (7th Cir.), cert. denied, 525 U.S. 1059 (1998)). Absent a situation where prejudice is presumed, actual prejudice requires a showing of a reasonable probability that the outcome would have been different had the continuance been granted. See Roe v. Flores-Ortega, 120 S. Ct. 1029, 1037 (2000); United States v. Jackson, 103 F.3d 561, 573 (7th Cir. 1996).

Here, defendant's primary contention in support of her motion for a continuance was defendant being able to spend time with her mother and assist her. The contention that defendant was having trouble assisting counsel was a secondary contention. The limited information provided indicated that defendant's mother had just had surgery and was still recuperating in the hospital. Therefore, it appeared that this interest of defendant would best be accommodated by holding the trial, which was only expected to last four or five days, as soon as possible so that defendant would then be available to assist her mother before or shortly after her mother's release from the hospital. Also, defendant did not dispute the government's representation that there were at least two other relatives who could also provide

care for defendant's mother. Additionally, the court agreed to accommodate defendant by shortening the trial days, but defendant never requested that this be done. Moreover, neither defendant nor her counsel contended during the course of the trial that counsel was not receiving adequate assistance.

Considering, in turn, the factors set forth in Avery: (1) Prior to learning of her mother's terminal illness, defendant had had more than enough time to prepare for trial. (2) Defendant did not make a substantial showing that her participation in the trial was likely to be hampered and, during the trial, it did not appear that her participation was hampered. (3) This factor does not go against defendant; she is not to blame for the timing of the discovery of her mother's illness. (4) The case was not so complex that the time already available was insufficient for preparation. (5) Discovery from the prosecution had been provided months earlier. (6) A continuance would not necessarily have satisfied defendant's desire to be available for her mother. It was the court's understanding that the need for defendant to take care of her mother was less immediately after the operation than it might be at a later time should the trial be rescheduled. Also, defendant might have been better able to go to trial in early May than after her mother died and, given the inability to accurately predict life expectancy from a terminal illness, the delay could have been six months or more instead of six to eight weeks plus a mourning

period. (7) The court had made the time available for this trial. However, of greater concern than the court's schedule, was the convenience of the witnesses who would again have to make room in their schedule to be available to testify. Considering these factors, the denial of the continuance was not an abuse of discretion.

Even if it was an abuse of discretion to deny the continuance, no basis is stated for overturning defendant's conviction because it has not been shown that she was actually prejudiced by any limitation in being able to assist counsel. Defendant contends that the denial of a continuance deprived her of the constitutional right to assist in her own defense. She contends that this is a "structural" error for which prejudice is presumed. Structural errors are either (1) serious errors for which it is difficult to determine their actual effect on a trial (e.g., the right to a jury trial or the right to counsel of choice) or (2) those errors which infringe a right unrelated or only distantly related to the interest in making sure innocent people are not convicted (e.g., prohibiting racially motivated peremptory challenges of prospective jurors). United States v. Santos, 201 F.3d 953, 959-60 (7th Cir. 2000). A denial of a continuance that prevents a defendant from being able to adequately assist counsel is not one for which it is difficult to determine the effect on the trial. A determination can be made by pointing to the additional evidence or defenses that would

have been introduced if the defendant had had an adequate opportunity to assist counsel. In the present case, defendant contends that her counsel was denied the full ability to investigate and prepare her defense. Claims of failure to adequately investigate are common claims in ineffective assistance of counsel cases where no special difficulties are encountered in determining whether the failure to investigate had a reasonable probability of affecting the outcome of the case. See, e.g., Washington v. Smith, 219 F.3d 620, 2000 WL 943515 *__ (7th Cir. July 6, 2000); Robinson v. United States, 196 F.3d 748, 752 (7th Cir. 1999); Jones v. Page, 76 F.3d 831, 843-44 (7th Cir.), cert. denied, 519 U.S. 951 (1996). This is not a situation where prejudice is presumed.

Overwhelming evidence was presented that defendant obtained monetary investments from specific victims and instead of investing the money as she had represented, defendant instead spent the money for her personal consumption. No evidence was presented that any of the money was actually used for the purposes represented. There was also substantial evidence that defendant misrepresented her then-present and prior business dealings. To most of her victims, defendant represented that she had a successful, ongoing business and that the money would be used to purchase or produce products and for other business purposes. The evidence that defendant claims should have been introduced, and allegedly would have been introduced had she been

able to fully assist her attorney, does not contradict this evidence. Defendant contends that documentary and other evidence could have been introduced to show that she did indeed have some license agreements. However, none of these documents show that she had a successful business as she had represented and some of the documents are from well before the time period of most of the charged fraudulent transactions. More importantly, none of the additional evidence shows that any of the funds that defendant obtained from victims was used for a legitimate business purpose.

Defendant contends she could have cross examined the victims in an attempt to show her actual statements to them regarding her existing or past business successes were consistent with the documents. Even if successful in making such a showing, there would still be no evidence that she actually used the funds obtained for investment purposes. Also, the documents could have had a negative impact by showing defendant was not as successful as the victims testified she had represented to them.

A continuance would not have enabled defendant to introduce evidence that would have had a reasonable probability of affecting the outcome of the trial. Therefore, even assuming it was an abuse of discretion to deny the continuance, defendant cannot show that she was actually prejudiced by the denial of the continuance.

Defendant's contention that she received ineffective assistance of counsel is based on counsel's allegedly defective

performance in not presenting the same additional evidence that was previously discussed. Since defendant cannot show a reasonable probability that the failure to present such evidence affected the outcome of the trial, she cannot possibly succeed on her ineffective assistance of counsel claim. See Flores-Ortega, 120 S. Ct. at 1037; Jackson, 103 F.3d at 573.

Defendant's last contention is that Rule 404(b) evidence was improperly admitted. A written ruling was previously issued regarding that subject. See Order dated April 26, 2000. Defendant does not present any reason to change that ruling.

IT IS THEREFORE ORDERED that defendant's motion for judgment of acquittal notwithstanding the verdict of the jury and in the alternative for a new trial and alternatively arrest the judgment [51-1,2,3] is denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 23, 2000